# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-0276V
UNPUBLISHED

| | |
|---|---|
| JULIE DRUMM,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: December 13, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC, for Respondent.*

**RULING ON ENTITLEMENT**[1]

On February 21, 2019, Julie Drumm filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered "injuries including Shoulder Injury Related to Vaccine Administration ('SIRVA'), resulting from adverse effects of an influenza ('flu') vaccination she received on October 20, 2017." Petition at 1. Petitioner further alleges that her injury lasted for more than six months. Petition at 2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On December 10, 2021, Respondent filed an Amended Rule 4(c) report in which he states that he does not contest that Petitioner is entitled to compensation in this case. Respondent's Amended Rule 4(c) Report at 1. Specifically, Respondent states:

> [r]ecognizing that the Chief Special Master's factual finding that the onset of petitioner's shoulder pain occurred within forty-eight hours of her vaccination is the law of the case, respondent advises that he will not defend the case on other grounds during further proceedings before the Office of Special Masters. While preserving his right to appeal the Chief Special Master's September 9, 2021 Findings of Facts, respondent submits that petitioner has otherwise satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation ('QAI') for Shoulder Injury Related to Vaccine Administration ('SIRVA'). *See* 42 C.F.R §§ 100.3(a)(XIV) and (c)(10). Respondent requests a ruling on the record regarding petitioner's entitlement to compensation.

*Id.* at 2. Respondent further agrees that Petitioner meets the criteria for SIRVA as defined by the Vaccine Table and does not dispute that Petitioner has satisfied all legal prerequisites for compensation under the Act. *Id.* at 6-7.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
